# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
June 16, 2016

Plaintiff-Appellee,

v

No. 326505
Ingham Circuit Court
LC No. 14-001144-FH

THOMAS EDWARD DERMINER,

Defendant-Appellant.

Before: SAWYER, P.J., and HOEKSTRA and WILDER, JJ.

PER CURIAM.

Defendant pleaded guilty to one count of domestic violence, third offense, MCL 750.81(2), (4), and was sentenced as a second-offense habitual offender, MCL 769.10, to 30 to 90 months' imprisonment. He now appeals by delayed leave granted.[1] We vacate his sentence and remand for resentencing.

This case arises out of defendant's assault of a woman while she was walking alone along an urban trail. The relevant and apparently undisputed facts are set forth in a police report:

> [D]efendant . . . and the victim were involved in an intimate dating relationship for approximately three weeks prior to this incident. The victim stated this is the first time he has ever assaulted her.
>
> The victim states that during the beginning stages of their relationship she began to notice signs that the defendant was going to be abusive, such as controlling and unpredictable behavior so she ended the relationship.
>
> The victim stated sometime after midnight . . . she was walking on the River walk trail . . . when [] defendant appeared out of nowhere. She states he came up behind her and startled her. The victim states she tried to get away however he jumped in front of her and grabbed her around the throat by both

---

[1] *People v Derminer*, unpublished order of the Court of Appeals, entered April 27, 2015 (Docket No. 326505).

-1-

hands. She states [] defendant then shoved her down, causing her to scrape her right knee on some cement stairs and bump the back of her head. She was then able to get up and run away however, he continued to follow her.

* * *

[D]efendant caught up to her again. The victim got her phone out and attempted to call 911, but before she was able to, [] defendant shoved her to the ground. The victim states she was faced down while [] defendant was straddling her and pinning her down. The victim states that [] defendant was screaming at her, calling her a whore and grabbing her by her face, "scrunching it up." This caused the victim's bottom lip to start bleeding. The victim stated there were several people walking by at the time, so [] defendant got up and left, afraid the police would be called.

* * *

A warrant was issued for [] defendant's arrest and he was subsequently arrested[.]

When asked by the trial court before sentencing, both defendant and his attorney indicated that they had reviewed the PSIR and had no additions or corrections to its "body."

At sentencing, the prosecution requested that offense variable (OV) 10, MCL 777.40(1)(b), which had been scored by the Michigan Department of Corrections at zero points, be assessed at 10 points because the assault involved a "domestic relationship." Over defendant's objection, the trial court agreed with the prosecution and scored OV 10 at 10 points. As a result, defendant's minimum guidelines range increased from 12 to 30 months to 14 to 36 months. The trial court sentenced defendant within that increased range to a minimum prison term of 30 months, noting that it was sentencing defendant "in the middle of these guidelines."

Defendant's arguments on appeal are centered on the scoring of OV 10. He contends that, because he did not have a "domestic" relationship with the victim, the trial court erred by assessing 10 points for OV 10. We agree.

> Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence. Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by the statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo. [*People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013) (footnotes omitted).]

"Offense variable 10 is exploitation of a vulnerable victim. . . ." MCL 777.40(1). Under MCL 777.40(1)(b), ten points are properly assessed if "[t]he offender exploited a victim's physical disability, mental disability, youth or agedness, or a domestic relationship, or the offender abused his or her authority status." "MCL 777.40(3)(c) defines 'vulnerability' as the 'readily apparent susceptibility of a victim to injury, physical restraint, persuasion, or temptation' . . . ." *People v Huston*, 489 Mich 451, 466; 802 NW2d 261 (2011), quoting MCL 777.40(3)(c). Unlike MCL

777.40(1)(a), which involves predatory conduct, § 40(1)(b) lists "specific characteristics, relationships, or circumstances of the victim" for the purposes of finding "vulnerability" in scoring OV 10. *Id.* at 465. However, "[t]he mere existence of 1 or more factors described in subsection (1) does not automatically equate with victim vulnerability." MCL 777.40(2).

As explained in *People v Jamison*, 292 Mich App 440; 807 NW2d 427 (2011), the phrase "domestic relationship," as it is used in OV 10, is limited in scope. "[N]ot . . . simply *any* type of dating relationship, past or present, meets the requirements of OV 10." *Id.* at 447. Rather, "to qualify as a 'domestic relationship,' there must be a familial or cohabitating relationship." *Id.*

Here, in light of the fact that *Jamison* "specifically rejected the proposition that a past dating relationship would fall within the definition of a 'domestic relationship' under MCL 777.40(1)(b)," *People v Brantley*, 296 Mich App 546, 554; 823 NW2d 290 (2013), the trial court erred by assessing 10 points under § 40(1)(b). On this record, there is neither evidence of a familial relationship between the victim and defendant nor evidence of cohabitation.[2]

Moreover, defendant correctly notes that, because a reduction of 10 points from his total OV score lowers the recommended minimum guidelines range, resentencing is required. Because "there was a scoring error, the scoring error altered the appropriate guidelines range, and defendant preserved the issue at sentencing," resentencing is required. See *People v Francisco*, 474 Mich 82, 90; 711 NW2d 44 (2006).

Hence, we vacate defendant's sentence and remand for resentencing. On remand, we instruct the trial court to (1) abide by *Lockridge*[3] and its progeny; (2) consider whether 15 points are appropriately assessed under OV 10 for "[p]redatory conduct," see MCL 777.40(1)(a); and (3) ensure that, regarding defendant's status as a second-offense habitual offender, the appropriate statute, MCL 769.10, is cited in defendant's judgment of sentence.[4] We do not retain jurisdiction.

/s/ David H. Sawyer
/s/ Joel P. Hoekstra
/s/ Kurtis T. Wilder

---

[2] Having reached that conclusion, we need not consider defendant's alternative argument that the trial court erred because there was insufficient evidence showing that defendant "exploited" the victim.

[3] *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015).

[4] Both defendant's original judgment of sentence and his amended judgment of sentence indicate that he was sentenced as a second-offense habitual offender, but both mistakenly cite MCL 769.11 instead of MCL 769.10.